UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-11035-JWH-SSC           Date: January 7, 2026

Title     Mel Marin v. Trustees of the Santa Barbara City College District, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order to Show Cause Why Complaint Should Not Be Dismissed in Whole or Part For Pleading Deficiencies on Screening**

Mel Marin brings this suit *pro se* and has filed an application to proceed *in forma pauperis*. (ECF 1; ECF 2.) He sues Santa Barbara City College and its trustees alleging disability discrimination, civil rights violations, and state law violations based on incidents that occurred in 2022 and 2025. He admits that he is not domiciled in California. (ECF 1 at 1.)

As to 2022, Plaintiff alleges that he "made calls" to unspecified admissions staff and professors before classes started in 2022, but was refused a disability accommodation because the school had a custom and policy of not considering special accommodation requests until a student was enrolled in classes. (*Id.* at 2.) The accommodation was seemingly extra testing time because of a severe eye injury that created

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-11035-JWH-SSC            Date: January 7, 2026

Title   Mel Marin v. Trustees of the Santa Barbara City College District, et al.

a reading and learning disability.  (*Id.* at 3, 11.)  He alleges that he took only one class in 2022 because of delays caused by the policy.  (*Id.*)

He alleges that he attempted to re-enroll in June 2025 but faced enrollment obstacles, though, as discussed below, he does not allege that those obstacles were due to his disability. (ECF 1 at 4–5 (administrative obstacles regarding shortened name, lack of "4 digit number code," and lack of California driver's license meant that he could not seek accommodation request)).  His complaint for the 2025 period seems to be that this local city college refused to let him enroll while he was domiciled out of state which violated his federal due process rights under the Fourteenth Amendment.  (ECF 1 at 2–3, 15–16, 18.)

Plaintiff seeks $4.3 million, a declaration that defendants violated his rights, and an injunction barring "arbitrary hoops."  (ECF 1 at 19.)

Plaintiff has filed suits against other California community colleges, some with similar allegations.  *See, e.g., Mel Marin v. Ben Prang, et al.*, Case no. 2:07-cv-05797-JVS-JEM (C.D. Cal. filed 09/06/07) (suit against persons at Santa Monica College, closed 08/31/09); *Mel Marin v. Darroch Young, et al.*, Case no. 2:08-cv-00082-UA-JWJ (C.D. Cal. filed 01/07/08) (suit against persons at Los Angeles Community College, El Camino Community College, and Southern California Regional Occupational College, closed 01/31/08); *Mel Marin v. Geetha Rajaram, et al.*, Case no. 2:22-cv-07044-JWH-SHK (C.D. Cal. filed 09/28/22) (suit against administrators at Long Beach City College, closed 01/17/23); *Mel Marin v. Gary C. Ovitt, et al.*, Case no. 5:22-cv-00631-JWH-SHK (C.D. Cal. filed 04/11/22) (suit against Chaffey College district and its trustees, closed 11/15/23); *Mel Marin v. Constance*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:25-cv-11035-JWH-SSC                    Date: January 7, 2026

Title      Mel Marin v. Trustees of the Santa Barbara City College District, et al.

*Carroll, et al.,* Case no. 3:21-cv-01453-JO-DEB (S.D. Cal. filed 8/16/2021) (suit against the San Diego Community College District and trustees/employees of various colleges therein, closed 04/17/25); *Marin v. Grossmont-Cuyamaca College Bd. of Trs.*, Case No. 22cv401-LAB (JLB), 2022 WL 1608560 (S.D. Cal. May 19, 2022); *Mel Marin v. Geetha Rajaram, et al.*, Case no. 3:24-cv-01651-JAH-BJW (S.D. Cal. filed 09/13/24) (suit against administrators at Long Beach City College).[1]

## THE STATUTORY SCREENING REQUIREMENT

The Court is required to screen any civil action in which a plaintiff proceeds *in forma pauperis* and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Review for failure to state a claim under § 1915(e)(2)(B)(ii) uses the same standard as that which is applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts

---

[1] Plaintiff is also seemingly a prolific filer in state courts as in one federal suit, Plaintiff alleged that he has been declared to be a vexatious litigant in both New York and California state courts and "is now an outlaw in the state courts of California, Arizona, Pennsylvania, and New York." *Mel Marin v. Constance Carroll, et al.,* Case no. 3:21-cv-01453-JO-DEB (S.D. Cal. filed 8/16/2021) (ECF 40 (Second Amended Complaint) at 4–5)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-11035-JWH-SSC          Date: January 7, 2026

Title      Mel Marin v. Trustees of the Santa Barbara City College District, et al.

under a cognizable legal theory.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In determining whether a plaintiff has stated a claim, courts accept as true the factual allegations contained in the complaint and view all inferences in a light most favorable to the plaintiff.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

## DEFICIENCES

### I

Plaintiff's § 1983 claim alleging a Fourteenth Amendment due process violation is deficient.

As pleaded against Santa Barbara City College and the trustees in their official capacities, the claim for money damages and injunctive relief[2] is barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution sets out the principle of State sovereign immunity, and states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

---

[2] A party may seek prospective injunctive relief against a state official in their official capacity for an ongoing violation of federal law under the *Ex Parte Young* doctrine.  *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-11035-JWH-SSC | Date: | January 7, 2026 |
| Title | Mel Marin v. Trustees of the Santa Barbara City College District, et al. | | |

any Foreign State." U.S. Const. Amend. XI. In other words, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]gencies of the state, such as California state colleges and universities, are similarly immune from private damage actions or suits for injunctive relief brought in federal court pursuant to 42 U.S.C. § 1983." *Seater v. Cal. State Univ., Fullerton*, Case No. 93-56688, 1995 WL 72356, at *1 (9th Cir. 1995) (unpublished) (citing *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)). The Ninth Circuit has explicitly held that Eleventh Amendment immunity applies to California community college school districts. *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (holding that community college districts are entitled to Eleventh Amendment immunity as dependent instrumentalities of the state of California); *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010); *cf. Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (holding that school districts in California are considered agents of the state to which Eleventh Amendment immunity extends).

Further, a state official sued in his or her official capacity for damages is not a "person" for the purposes of 42 U.S.C. § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (holding that state officials sued in their official capacities are not "persons" within the meaning of § 1983 unless sued for prospective injunctive relief). The Supreme Court has determined that official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11035-JWH-SSC                    Date: January 7, 2026

Title        Mel Marin v. Trustees of the Santa Barbara City College District, et al.

officer. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, a defendant sued in his or her official capacity possesses the same sovereign immunity as that governmental entity, and the Eleventh Amendment prohibits damages actions against him or her. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *Va. Office for Protect. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). California has consented to be sued in its own courts pursuant to the California Tort Claims Act, but this does not extend to consent to be sued in federal court. *See BV Eng'g v. Univ. of Cal., L.A.*, 858 F.2d 1394, 1396 (9th Cir. 1988). Further, the U.S. Congress has not abrogated, or waived, State sovereign immunity against suits under § 1983.

Here, under *Mitchell* and *Cerrato*, Plaintiff's § 1983 claim for damages and injunctive relief against the college itself and the trustees in their official capacities is barred and is frivolous. Claims arising under the Americans with Disabilities Act (ADA) and § 504 of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11035-JWH-SSC                Date: January 7, 2026

Title       Mel Marin v. Trustees of the Santa Barbara City College District, et al.

---

Rehabilitation Act[3] are not so barred generally[4] though such claims may be subject to other failings as detailed herein. *See United States v. Georgia*, 546 U.S. 151 (2006); *Kohn v. State Bar of California*, 119 F.4th 693, 698 (9th Cir. 2024) (requiring courts to conduct a case-by-case inquiry to evaluate whether Eleventh Amendment immunity applies to claims under Title II of the ADA); *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 793 (9th Cir. 2004) (a state "waive[s] its Eleventh Amendment immunity under [§ 504] by accepting federal funds").

Plaintiff has been warned of similar deficiencies in similar suits. *Marin v. Ovitt*, Case no. 5:22-cv-00631-JWH-SHK, 2022 WL 17216818, at *7–8 (C.D. Cal. Nov. 1, 2022); *Grossmont-Cuyamaca College Bd. of Trs.*, 2022 WL 1608560, at *4.[5]

---

[3] A college district is subject to § 504 where it is a recipient of federal funds, *see Hayden v. Redwoods Cmty. Coll. Dist.*, No. C-05-01785 NJV, 2007 WL 61886, at *1 (N.D. Cal. Jan. 8, 2007), and in the present case, Plaintiff alleges that Santa Barbara City College receives federal financial assistance. (ECF 1 at 11.)

[4] Waiver of sovereign immunity under the ADA requires a case-by-case inquiry that the Court declines to undertake at this time on screening. *See Rivera v. Thornell*, Case no. 24-cv-1560-PHX-JJT (JFM), 2025 WL 1135256, at *4 (D. Ariz. Jan. 13, 2025), report and recommendation adopted, No. CV-24-01560-PHX-JJT (JFM), 2025 WL 1135158 (D. Ariz. Apr. 16, 2025).

[5] If Plaintiff chooses to re-plead a due process claim, he should make clear whether he is alleging a violation of substantive or procedural due process, and what liberty or property interest he alleges is protected by the U.S. Constitution. *United States v. Guillen-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11035-JWH-SSC                    Date: January 7, 2026

Title       Mel Marin v. Trustees of the Santa Barbara City College District, et al.

## II

The ADA or the Rehabilitation Act claims are also deficient.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Section 504 of the Rehabilitation Act similarly prohibits disability discrimination by recipients of federal funds.  29 U.S.C. § 794.  The "two laws are interpreted coextensively because there is no significant difference in the analysis of rights and

---

*Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014).  As to a liberty interest, under the "stigma-plus" test, a plaintiff has a liberty interest in avoiding "reputational harm only when [that] plaintiff suffers stigma from governmental action plus alteration or extinguishment of a right or status previously recognized by state law."  *Endy v. County of L.A.*, 975 F.3d 757, 764 (9th Cir. 2020) (citation modified).  As to a property interest, because the Due Process Clause does not create freestanding property interests, a plaintiff must identify a cognizable property interest based on an "independent source such as state law[.]"  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *see Goss v. Lopez*, 419 U.S. 565, 572–73 (1975).  Plaintiff is cautioned that the Ninth Circuit recently affirmed a grant of qualified immunity to administrators of a California university, holding that California law did not clearly establish an interest in continued attendance at a state university.  *Doe v. White*, 859 F. App'x 76, 77–78 (9th Cir. 2021) (unpublished).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11035-JWH-SSC  Date: January 7, 2026

Title  Mel Marin v. Trustees of the Santa Barbara City College District, et al.

obligations created by the two Acts." *Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (citation modified).

To state a claim for monetary relief under Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was intentionally excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such intentional exclusion or discrimination was by reason of his disability. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). The ADA defines a disability as: (a) "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (b) "a record of such an impairment"; or (c) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

To recover monetary damages under the ADA, Plaintiff must show intentional discrimination on the part of state officials. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). The test for intentional discrimination is deliberate indifference. *Id.* A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. *See id.* at 1138–39. "When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." *Id.* at 1139. "[I]n order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.  2:25-cv-11035-JWH-SSC          Date: January 7, 2026

Title     Mel Marin v. Trustees of the Santa Barbara City College District, et al.

an element of deliberateness." *Id.* In sum, "notice combined with failure to provide appropriate facilities may violate Title II[.]" *Id.* at 1139–40 (citing *Matthews v. Jefferson*, 29 F. Supp. 2d 525, 535–36 (W.D. Ark. 1998)). In other words, the "deliberate refusal" to accommodate a plaintiff's disability-related needs can violate the ADA. *See Georgia*, 546 U.S. at 157 (finding it "quite plausible" that "the alleged deliberate refusal of prison officials to accommodate [a plaintiff]'s disability-related needs in such fundamentals as *mobility*, hygiene, medical care, and virtually all other prison programs constituted [an ADA violation]" (emphasis added)).

Further, "[a] plaintiff bringing suit under § 504 must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall*, 260 F.3d at 1135. A person is "otherwise qualified" under § 504 if he is "able to meet all of a programs' requirements in spite of his handicap." *Southeastern Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1979); *see also Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1205 (9th Cir. 1984) (defining "otherwise qualified" as meeting all program requirements other than those that are "unreasonable and discriminatory").

Plaintiff seemingly alleges individualized, rather than systemic injuries, and thus the allegations must be viewed in the context of a failure to accommodate. *See Payan*, 11 F.4th at 740. A failure to accommodate claim requires allegations showing that a reasonable accommodation existed. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1046–47 (9th Cir. 1999). Furthermore, a school may be held vicariously liable for violations of both § 504 of the Rehabilitation Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11035-JWH-SSC                 Date: January 7, 2026

Title      Mel Marin v. Trustees of the Santa Barbara City College District, et al.

and Title II of the ADA, committed by acts of its employees, through the doctrine of respondeat superior.  *Bonner v. Lewis*, 857 F.2d 559, 567 (9th Cir. 1988) (allowing for the doctrine of respondeat superior in § 504 claims.); *Duvall*, 260 F.3d at 1141 (allowing for the doctrine of respondeat superior in Title II claims).

    Here, as to the 2025[6] attempted enrollment, the complaint fails to allege that the enrollment failure was solely because of a disability or that he was "qualified" to attend Santa Barabara City College.  As discussed above, Plaintiff admits that it was his out-of-state residency, lack of proper codes, lack of a California driver's license, and name-variation problems that prevented enrollment in 2025 not his alleged disability.  Plaintiff has been warned of similar pleading failures in similar suits that he has attempted to bring against other community colleges.  *Ovitt*, 2022 WL 17216818, at *7–8; *Grossmont-Cuyamaca*

---

[6] As to the 2022 failure(s) to accommodate, the Court notes that claims based thereon may be time barred.  Plaintiff admits that "the 2022 causes of action were known to [him] by Fall 2022."  (ECF 1 at 7.)  He filed this suit more than three years later, on November 12, 2025.  (ECF 1.)  *See Taylor v. Regents of University of California*, 993 F.2d 710, 711 (1993) (one year limitations period in California for § 1983 claims); *Sharkey v. O'Neal*, 778 F.3d 767, 771 (9th Cir. 2015) (three year limitations period in California for ADA Title II claims); *Alexopulos ex rel. Alexopulos v. S.F. Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir. 1987) (three year limitations period in California for § 504 claims).  However, because Plaintiff makes tolling arguments within the complaint (ECF 1 at 7–8), the Court declines to consider the limitations period on screening.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11035-JWH-SSC     Date: January 7, 2026

Title  Mel Marin v. Trustees of the Santa Barbara City College District, et al.

*College Bd. of Trs.*, 2022 WL 1608560, at *4 (dismissing nearly identical claims brought by Plaintiff against another college because he "allege[d] that he was . . . ultimately dropped from his class 'for lack of residency proof'" and thus was not "otherwise qualified to enroll" at the college).

Though Plaintiff appears to claim that these obstacles were a pretext for discrimination, as alleged the complaint does not support an inference that Santa Barbara City College or its trustees denied Plaintiff enrollment and/or accommodation in 2025 by reason of his unspecified disability. *See Duvall*, 260 F.3d at 1135.

### III

There are also pleading problems related to the trustees.

### A

It is unclear which trustees are being sued. Under Rule 10 of the Federal Rules of Civil Procedure "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). A complaint that does not comply with Rule 10 is subject to dismissal. *See* C.D. Cal. L. R. 83-2.2.4 (*pro se* litigant's failure to comply with the Federal Rules of Civil Procedure "may be grounds for dismissal").

Here, the caption does not list the names of the trustees that Plaintiff seeks to sue in their individual and official capacities but discusses some by name in the complaint. Any amended complaint must list all named defendants in the pleading caption. To aid Plaintiff in complying with Rule 10, the Court encourages Plaintiff to submit any amended complaint on the Court's standardized form complaint, CV-66, a copy of which is included with this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11035-JWH-SSC                     Date: January 7, 2026

Title      Mel Marin v. Trustees of the Santa Barbara City College District, et al.

**B**

Plaintiff's claims against the trustees are subject to dismissal because the complaint fails to make allegations necessary to hold each liable for wrongdoing. The complaint also fails to allege deliberate indifference sufficiently.

Rule 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege sufficient facts to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 & n.3 (2007) (citation modified). If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (unpublished) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions"). Where a plaintiff sues multiple defendants, "[s]pecific identification of the parties to the activities alleged by [a plaintiff] is required . . . to enable the defendant to plead intelligently." *Sherrell v. Bank of Am., N.A.*, No. CV F 11-1785 LJO JLT, 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011) (citation modified).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11035-JWH-SSC              Date: January 7, 2026

Title     Mel Marin v. Trustees of the Santa Barbara City College District, et al.

    Here, Plaintiff fails to identify each individual trustee as having engaged in any wrongdoing or taking any specific actions.  For example, Plaintiff alleges that he "complained to . . . trustees in the middle of 2022 about the college's pretense of refusing to impose a disability accommodation on its teachers" (ECF 1 at 3), and further that he made a "demand . . . to the trustees . . . on November 4, 2025 by e-mail to the address they provide to the public, to process his AB540 discount and the related fee waiver because he could not take any course without it" but they "'blew it off' as not worthy of a response of any kind at all'" (*id.* at 3–4).  But such allegations fail to specify which wrongful conduct is attributed to which trustee.

    They also fail to allege that any trustee was deliberately indifferent.  While a plaintiff seeking damages under § 504 or Title II can demonstrate intentional discrimination by plausibly pleading notice and a failure to act,[7] *Duvall*, 260 F.3d at 1138–39, he fails to do so.  His vague claim of having complained to unspecified persons through an unspecified means, and having sent an email to unspecified persons to a seemingly generic school email account, are not sufficient to show that any trustee was even aware of the alleged discrimination.  The Court need not accept as true such conclusory allegations and unreasonable

---

    [7] A plaintiff establishes the notice or knowledge element by showing that he "alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation)[.]" *Duvall*, 260 F.3d at 1139.  The "failure to act" element is satisfied by alleging the defendant did not undertake the "fact-specific investigation" necessary to determine what constitutes a reasonable accommodation.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11035-JWH-SSC          Date: January 7, 2026

Title  Mel Marin v. Trustees of the Santa Barbara City College District, et al.

---

inferences.  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" (citation modified)).

## ORDER

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** no later than **February 9, 2026**, why this action should not be dismissed—in whole or in part—based on the deficiencies outlined above.

Plaintiff may satisfy this order by voluntarily dismissing this action using the attached form CV-09.  Alternatively, Plaintiff may file an amended complaint containing only well-pleaded, actionable claims against non-immune defendants that fix the curable deficiencies.

Plaintiff is advised that any amended complaint entirely replaces the prior complaint in this action.  Any amended complaint must:

(a) be labeled "First Amended Complaint";

(b) be complete in and of itself and not refer in any manner to the original complaint, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, (*see* Local Rule 15-2);

(c) contain a "short and plain" statement of the claim(s) for relief, Fed. R. Civ. P. 8(a);

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-11035-JWH-SSC                Date: January 7, 2026

Title      Mel Marin v. Trustees of the Santa Barbara City College District, et al.

    (d) make each allegation "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1);

    (e) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including how each defendant's specific conduct injured Plaintiff; and

    (f) not add defendants or claims, except as contemplated by this order.

    Plaintiff is cautioned, though, that he may be denied further leave to amend if he cannot "state a viable claim without contradicting any of the allegations of his original complaint." *Garmon v. County of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016) (citation modified).

    **Plaintiff is further cautioned that failure to file a timely response to this order to show cause will result in a recommendation to the district judge to dismiss this case for failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**

                                                                        Initials of Preparer      **ts**